IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SCOTT SHAW,
WHITNEY SHAW,

    Plaintiffs

v.

RIO GRANDE COUNTY, COLORADO,
SHERIFF'S DEPUTY TIM ARELLANO, in his official and individual capacity,
SHERIFF'S DEPUTY KEITH SCHULTZ, in his official and individual capacity,
SERGEANT BOYD WHEELWRIGHT, in his official and individual capacity,
SHERIFF BRIAN NORTON, in his official and individual capacity,
OTHER OFFICERS NOT KNOWN AT THIS TIME?
    Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs Scott and Whitney Shaw, by and through their counsel, The Animal Law Center, and hereby file this Complaint and Jury Demand. Plaintiffs respectfully allege as follows:

### INTRODUCTION

Plaintiffs bring this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for relief through compensatory damages and attorney's fees stemming from Defendants' violations of Plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. Defendants' conduct under color of state and city law proximately caused the deprivation of Plaintiffs' federally protected rights. Plaintiffs

1

seek relief through compensatory damages, and attorney's fees. Plaintiffs seek damages in excess of $75,000.

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has authority to grant the declaratory relief requested herein pursuant to 28 U.S.C. § 2201.

2. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391. All of the events alleged herein occurred within the state of Colorado, and all of the parties are residents of the state.

3. Jurisdiction supporting Plaintiffs' claim for attorney's fees is conferred by 42 U.S.C. § 1988.

## PARTIES

4. Plaintiffs Scott and Whitney Shaw (collectively "Plaintiffs" "the Shaws" or "Plaintiffs Shaws") are individuals residing in Monte Vista, Rio Grande County, Colorado. At all times pertinent Plaintiffs resided in Monte Vista, Rio Grande County, Colorado.

5. Defendant Rio Grande County is a governmental entity under the laws of the State of Colorado for purposes of liability under 42 U.S.C. § 1983, and the Rio Grande County Sheriff's Department is a part of the Defendant Rio Grande County.

6. Defendant Deputy Sheriff Tim Arellano ("Deputy Arellano") was at all times relevant to this complaint duly appointed and sworn as a police officer working for Sheriff's Department of Rio Grande County. After the incident complained of herein, Deputy Arellano was transferred and currently works as a police officer at the Center Police Department. He is sued individually and in his official capacity. Deputy Arellano acted under color of law in the course of carrying out the actions and omissions that violated Plaintiffs' rights.

7. Defendant Sheriff's Deputy Keith Schultz ("Deputy Schultz") was at all times relevant to this complaint duly appointed and sworn as a police officer working for the Rio Grande Sheriff's Department and the County of Rio Grande. He is sued individually and in his official capacity. Deputy Schultz acted under color of law in the course of carrying out the actions and omissions that violated Plaintiffs' rights.

8. Defendant Sergeant Boyd Wheelwright ("Sergeant Wheelwright") was at all times relevant to this complaint duly appointed and sworn as a police officer working for the Rio Grande Sheriff's Office and Rio Grande County. He is sued individually and in his official capacity. Sergeant Wheelwright acted under color of law in the course of carrying out the actions and omissions that violated Plaintiffs' rights.

9. Defendant Sheriff Brian Norton ("Sheriff Norton") was at all times relevant to this complaint duly elected and sworn as the head of the Rio Grande Sheriff's Department. He is responsible for the development of policy, training, supervision, and providing appropriate equipment to the Rio Grande Sheriff's Department employees. He is sued individually and in his official capacity. Sheriff Norton acted

under color of law in the course of carrying out the actions and omissions that violated Plaintiffs' rights.

10. All Defendants acted under color of state and city law. Alternatively, or in combination, Defendants acted under color of federal law.

11. All of the events described herein occurred in Monte Vista, County of Rio Grande, and State of Colorado.

## FACTUAL BACKGROUND

12. On or about May 14, 2011, at approximately 12:13 pm, Defendant Rio Grande Sheriff's Deputies responded to a call that occurred at the Alpine Veterinary Hospital located at 2835 Sherman Avenue, Monte Vista CO 81144. The call was regarding loose dogs harassing animals, specifically including a horse or horses.

13. Deputy Arellano and Deputy Schultz arrived on the scene and found two English Bulldogs, named Achilles and Hector, owned by Plaintiffs Scott and Whitney Shaw, already in the Alpine Veterinary Hospital's secure fenced-in area.

14. Hector and Achilles have intrinsic value and are also significantly valued by the Plaintiffs' as beloved pet companion animal members of their family.

15. Plaintiffs' own or have a possessory interest in Hector and Achilles.

16. Plaintiffs Scott and Whitney Shaw live at 2822 Sherman Avenue, Monte Vista, Colorado 81144, in close proximity to the Alpine Veterinary Hospital. Achilles and Hector presumably got out of the yard and ran over to the Alpine Veterinary Hospital.

17. The Plaintiffs' dogs had been previously treated at the Alpine Veterinary Hospital and the hospital personnel knew that Hector and Achilles belonged to the Plaintiffs.

4

18. Deputy Arellano contacted Sergeant Wheelwright or other Rio Grande Sheriff's Department and asked what to do with Achilles and Hector.
19. Sergeant Wheelwright directed Deputy Arellano to have the Alpine Veterinary Clinic euthanize Achilles and Hector and Alpine Veterinary Clinic complied with the command that day.
20. Achilles and Hector were euthanized/killed at the direction of the Defendant Arellano by the Alpine Veterinary Clinic.
21. Achilles and Hector were property owned by Plaintiffs Scott and Whitney Shaw and were wrongfully destroyed at the direction of Rio Grande Sheriff's Department employees.
22. There was no reasonable risk of injury to any party or property from Achilles or Hector at the time their euthanasia was ordered by the Defendants.
23. Both dogs were securely confined prior to the directive to euthanize them.
24. Euthanasia/killing the Plaintiffs' dogs was a seizure without a warrant, hearing, or other permissible basis, in violation of the Plaintiff's rights under the 4th and 14th Amendments to the Constitution of the United States. It was unreasonable and not justified by any exigent circumstance.
25. Scott and Whitney Shaw were never contacted about the location of Achilles and Hector by the Defendants, prior to the order for the destruction of their dogs.
26. No effort was made by the Defendants to identify the owners of the dogs prior to them being euthanized, although ownership would have been easy to obtain.
27. No hearing or due process of any kind was provided to the Plaintiffs, prior to their property being destroyed at the direction of the Defendants.

28. At the time of arrival of Arellano and Schultz at the scene of the incident and continuing on through the time of the dog's euthanasia, the dogs presented no threat to any person or animal justifying their immediate destruction.

29. The dogs had been captured and securely contained at the Alpine Veterinary Clinic prior to the arrival of any of the Defendants.

30. The Defendants failed to contact or even try and identify the owners of the dogs prior to ordering their destruction, when information was readily available with which to reasonably available to allow the Defendants to determine the ownership of the dogs.

31. Plaintiffs have provided proper notice to all Defendants, as required by C.R.S. §24-10-109, of the Colorado Government Immunity Act, to give statutory notice before filing any claim regarding injuries which were suffered by the Plaintiffs, which might lie in tort.

32. The Defendants knew or should have known that the destruction of the dogs, without providing any due process, would cause significant mental distress to the owners of the dogs.

33. The Plaintiff Scott Shaw has suffered significant physical deterioration as a result of Defendants' actions.

34. The dogs were companion animals of the Plaintiffs and have significant intrinsic value above the market or cost of replacement value of the two dogs.

35. Conour Animal Shelter, who receives funding from the Rio Grande County Commissioners, is a no kill shelter that proves a temporary and safe environment for animals. It is located at 2850 Sherman Avenue, Monte Vista CO 81144, in close proximity to Alpine Veterinary Hospital and Plaintiffs.

36. Defendants were aware of the Conour Animal Shelter and its proximity to the Alpine Veterinary Hospital.

37. The Defendants knew or should have known that pet animals are property of their owners and cannot be killed or taken from their owners without due process of law.

38. The Defendants knew or should have known that they were violating clearly established constitutionally protected property rights of the owners of the dogs.

39. The Defendants did not have any warrant to seize the dogs or to authorize their euthanization.

40. The Defendants Arellano and Schultz's exercising control over the death of the Plaintiffs' dogs constitutes a seizure of the dogs by the Defendant.

41. Rio Grande County did not have any policy in place regarding use of force of pet animals.

42. Rio Grande County did not have any policy or contract in place for the placement or care of pet animals which might be confiscated or seized by the Sheriff's Department or other County Departments.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 Fourth and Fourteenth Amendments Violation)

43. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this Claim.

44. This Claim is brought against Defendants Deputy Arellano, Deputy Schultz, Sergeant Wheelwright, and Sheriff Norton.

45. As described herein, Deputy Arellano and Deputy Schultz, while acting under color of law, unlawfully and without due process of law deprived the Shaws of the securities,

rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including their rights from unlawful seizure, unnecessary force and willful and wanton conduct as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983.

46. Defendants Deputy Arellano and Deputy Schultz wantonly, knowingly, recklessly, and excessively used or caused to be used unnecessary force without any reasonable justification or probable cause in seizing, and then ordering the euthanasia of both Achilles and Hector. These actions were in violation of the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. Sergeant Wheelwright ordered the actions of Officer Arellano and Deputy Schultz to have Hector and Achilles immediately killed without any permissible reason and without any due process. When Officer Arellano and Deputy Schultz called Sergeant Wheelwright to asked him what to do with Achilles and Hector. Sergeant Wheelwright directed the officers to have the veterinary hospital immediately euthanize the dogs, thereby violating Plaintiff's rights and causing a taking of their property without due process.

48. Sheriff Norton, who is responsible for the training of the Rio Grande Sheriff's Department employees, including the Defendants, failed to properly train, educate or supervise the Defendants, and thereby prevent the officer's from behaving as they did and order the euthanasia of Achilles and Hector.

49. In their official capacity as a law enforcement officers, under color of state law, and acting within the ordinary course and scope of their employment, or, alternatively, in

their individual capacities, Defendants Officer Arellano and Deputy Schultz ordered the fatal killing of Achilles and Hector without any legal right to do so.

50. As a direct and proximate result of Defendants' conduct, the Plaintiffs have been damaged in various respects including, without limitation, being permanently deprived of the property value and companionship of their dogs, Achilles and Hector, as well as suffering severe mental and physical anguish due to the egregious nature of their loss, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants jointly and severably as follows:

    a. actual damages in excess of $150,000.00;

    b. costs and reasonable attorneys fees, and

    c. such other relief as may be awarded by the Court.

### SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 Fourth and Fourteenth Amendments Violation)

51. Plaintiffs incorporate all other paragraphs of this Complaint for purposes of this claim.

52. This Claim for Relief is being brought against the County of Rio Grande, which operates the Rio Grande Sheriff's Department

53. Acting under color of law and pursuant to official policy, custom or widespread practice, the Rio Grande Sheriff's Department it employs knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiffs' rights, and the rights of dog owners in

Rio Grande County, failed to adopt policies, instruct, supervise, control, equip, train, or discipline on a regular and continuing basis, Sheriff's Deputies in their duties to refrain from unlawfully seizing and killing pet companions and using excessive force against pet companions that pose no immediate or reasonable danger.

54. Defendant County of Rio Grande had specific knowledge of policies, customs or practices of the Sheriff's Department seizing and euthanizing pet dogs and exhibited a deliberate indifference to the unreasonable risk of property damage or loss which said policy, custom or practice posed.

55. Rio Grande County had no policy or contract with any animal shelter or rescue facility for the temporary placement or treatment of pet animals seized or under the control of the Rio Grande Sheriff's Department.

56. Rio Grande County and the Rio Grande Sheriff's Department had an affirmative duty to prevent, or aid in preventing, the commission of such wrongs. Instead, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights and the rights of dog owners in Rio Grande County, this Defendant failed and refused to do so.

57. Rio Grande County through its Rio Grande Sheriff's Department directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, or wanton conduct of its Sheriff's Deputies as described herein above.

58. Defendant Rio Grande County knew or should have known that pet animals are the property of their owners and that the Constitution protects the established property rights of pet animal owners against their unlawful seizure and destruction without a warrant or any due process.

59. As a direct and proximate result of such conduct, Plaintiffs have been damaged in various respects including, without limitation, being permanently deprived of the property value and companionship of their dogs, Achilles and Hector, without the due process of law, as well as suffering severe mental and physical anguish due to the egregious nature of their loss, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant Rio Grande County as follows:

    a. actual damages in excess of $150,000.00, and

    b. costs and reasonable attorneys fees, and

    c. such other relief as may be awarded by the Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants, and grant:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages for breach of their property rights, damages for emotional distress, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic/property losses on all claims allowed by law;

(d) Attorney's fees and the costs associated with this action, including those associated with expert witness fees, on all claims allowed by law;

(e) Pre- and post-judgment interest at the lawful rate.

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

PLAINTIFFS DEMAND A TRIAL BY JURY OF SIX ON ALL ISSUES TRIABLE

Respectfully submitted this 7th day of may, 2013.

By: *Original signature of Jennifer Reba Edwards, #38349, on file and available for inspection pursuant to C.R.C.P. 121.*

/s/ Jennifer Reba Edwards, Reg. # 38349
Jennifer Reba Edwards
The Animal Law Center, LLC
4465 Kipling St., Suite 108
Wheat Ridge, Colorado 80033
Telephone: (303) 322-4355
Facsimile: (303) 322-4354
jre@theanimallawcenter.com
Attorney for Plaintiff

By: *Original signature of Jay Wayne Swearingen, #4842, on file and available for inspection pursuant to C.R.C.P. 121.*

/s/ Jay Wayne Swearingen, Reg. # 4842
Jay Wayne Swearingen
The Animal Law Center, LLC
4465 Kipling St., Suite 108
Wheat Ridge, Colorado 80033
Telephone: (303) 322-4355
Facsimile: (303) 322-4354
jws@theanimallawcenter.com
Attorney for Plaintiff

Plaintiffs' Address:
2822 Sherman Ave.
Monte Vista, CO 81144